972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bing Edwin BUCKLEY, Defendant-Appellant.
 No. 91-10248.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1992.*
Decided July 29, 1992.
 
 1
 Before WALLACE, Chief Judge, POOLE, Circuit Judge, and MARSH, District Judge.**
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 Appellant Bing Edwin Buckley was convicted by a jury of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a), aiding and abetting in the manufacture of methamphetamine in violation of 18 U.S.C. § 2 & 21 U.S.C. § 841(a), and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to one term of imprisonment of 324 months, and two concurrent terms of 240 months, with a subsequent five year term of supervised release. Buckley now appeals his conviction and sentence.
 
 
 4
 Buckley argues that the evidence was insufficient to support his conviction for conspiracy to manufacture and aiding and abetting in the manufacture of methamphetamine, and for possession of methamphetamines with intent to distribute. He also argues that the sentencing court improperly calculated his offense level under the Sentencing Guidelines by relying, in part, on 20 pounds of ephedrine possessed by another individual. We affirm.
 
 II.
 
 5
 When presented with a challenge to a conviction alleging insufficiency of the evidence, we "search the record to determine 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)).
 
 A. CONSPIRACY
 
 6
 In order to sustain the conviction for conspiracy, we must find that the evidence and all inferences reasonably drawn therefrom establish:
 
 
 7
 (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime. The prosecution need not show the agreement to have been explicit. An implicit agreement may be inferred from the facts and circumstances of the case.
 
 
 8
 United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990) (citations omitted). "When reviewing the sufficiency of the evidence, we must 'assum[e] that the jury resolved all ... matters in a manner which supports the verdict.' " United States v. Garza, No. 91-30240, slip op. 7425, 7433 (9th Cir. June 29, 1992) (citations omitted).
 
 
 9
 The evidence in this case established that appellant was a friend of Ron Johnson, who had been manufacturing the methamphetamine in his residence; that he had recently resided with Johnson at that residence; that his fingerprint was lifted from a can of acetone found in the residence, and that acetone was used in the production of methamphetamine; that he had been at the residence within days of the search which uncovered evidence of methamphetamine production operations; that he was found in possession of a recipe for the production of methamphetamine (albeit employing a process different than that apparently used by Johnson); that he had in his possession acetone, lye and ph test papers, all used in the manufacturing process, and a small quantity of methamphetamine; and that he had rented a storage unit in which was found laboratory equipment containing methamphetamine residue. While none of these facts might alone be sufficient to prove that Johnson and appellant had an agreement to manufacture methamphetamine, together they could easily allow a reasonable jury to conclude that appellant and Johnson had an agreement to manufacture methamphetamine. See United States v. Harrison-Philpot, No. 89-30212, slip op. 7907, 7917 (9th Cir. July 2, 1992). They would likewise demonstrate an overt act--possession of the requisite materials for manufacture of methamphetamine--in furtherance of the conspiracy, and an intent to commit the crime.
 
 B. AIDING & ABETTING
 
 10
 In order to sustain the conviction for aiding and abetting the manufacture of methamphetamine, we must find that the evidence and all reasonable inferences drawn therefrom establish:
 
 
 11
 (1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense.
 
 
 12
 Litteral, 910 F.2d at 550 (citation omitted). A reasonable jury could have inferred all these elements from the facts discussed above. There was ample evidence introduced to support the conclusion that appellant was assisting and intended to assist Johnson in the manufacture of methamphetamines by providing the raw materials and knowledge necessary to produce the methamphetamine, and by selling the finished product.
 
 C. POSSESSION WITH INTENT TO DISTRIBUTE
 
 13
 Appellant argues that the evidence was insufficient to prove that the methamphetamine discovered at the time of his second arrest was possessed for distribution rather than personal use. The evidence at trial demonstrated that at the time of his arrest, appellant was in the possession of $2,638 in cash and jewelry worth $13,500. Appellant was later arrested, and found to be in possession of 17.7 grams of methamphetamine and $660 in cash. Testimony was presented that this quantity of methamphetamine could be divided into eighty-five portions to be sold at $20 dollars each. Appellant himself testified that when using methamphetamine heavily, he would consume up to six $20 bags of methamphetamine per day. He was thus, by his own admission, in possession of at least fourteen times his heaviest daily dosage. In addition, appellant owned at least four automobiles, and conceded that in the six months preceding his arrest he had spent $20,000 in cash on cars, furniture, a motorcycle, and a trailer, despite his claim that he made $25,000 a year. The jury was instructed with respect to the lesser included offense of simple possession, but convicted on the greater offense of possession with intent to distribute. We believe the jury could reasonably reject appellant's claim that the methamphetamine was possessed for personal consumption, and conclude that it was possessed with intent to distribute.
 
 III.
 
 14
 During trial appellant moved for acquittal under Fed.R.Crim.P. 29. In analyzing the conspiracy count for purposes of the Rule 29 motion, the district court observed that: "I don't find sufficient evidence that Mr. Buckley was involved in the conspiracy involving Deborah Cline or Ricky Cline." The court denied the motion, however, finding that sufficient evidence had been produced to tie him to a conspiracy with Ron Johnson.
 
 
 15
 At sentencing, the district court set appellant's base offense level by including 20 pounds of ephedrine seized from Ms. Cline. The court relied upon a statement by Ron Johnson in which he admitted that the ephedrine in Cline's possession was "destined to become part of the laboratory and the operation which was run by Mr. Johnson and Mr. Buckley." The court found that inclusion of the ephedrine in total quantity of narcotics was supported by the preponderance of the evidence since Johnson's statement was against his penal interest, and therefore sufficiently reliable for sentencing purposes. See United States v. Restrepo, 946 F.2d 654, 655 (9th Cir.1991) (en banc) (Preponderance of evidence is appropriate "standard of proof for factors enhancing a sentence" under the Sentencing Guidelines), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 16
 We review the sentencing court's findings of fact made in the course of applying the Guidelines for clear error. United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991). Appellant argues that the district court erred by finding that the ephedrine in the possession of the Clines was properly attributable to the conspiracy between Johnson and appellant. We disagree. This is not a case involving facts "necessarily rejected" by the judgment of acquittal. Compare United States v. Brady, 928 F.2d 844, 851 (9th Cir.1991). To the contrary, it is entirely possible both that the Clines were not involved in the conspiracy between Johnson and Buckley, and that the ephedrine possessed by the Clines was destined for use in that conspiracy. We do not believe that the court clearly erred in determining the latter to be the case.
 
 
 17
 Appellant's conviction and sentence are AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Malcolm F. Marsh, U.S. District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3